United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Ernesto Perez Legra, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-22951-Civ-Scola |
| | ) |
| Atain Specialty Insurance Company, Defendant. | ) |

**<u>Order Granting the Plaintiff's Motion to Remand</u>**

      The Plaintiff Ernesto Perez Legra ("Perez Legra") seeks compensation from the Defendant Atain Specialty Insurance Company ("Atain") under a homeowners' insurance policy for water damage sustained by his real property. (Compl., ECF No. 1-2.) Almost fifteen months after Perez Legra initiated this case in state court, Atain removed it to this Court. (Not. of Removal, ECF No. 1.) Perez Legra now asks that his case be remanded, back to state court, because it was removed over a year after he first filed it. (Pl.'s Mot. for Remand, ECF No. 6.) In addition, he requests that the Court award him his fees and costs incurred in litigating the remand. (*Id.*) Atain opposes remand, arguing that Perez Legra acted in bad faith, preventing Atain from timely removing the case. (Def.'s Resp., ECF No. 8.) Perez Legra timely replied in support of his motion to remand. (Pl.'s Reply, ECF No. 10.) Upon review of the parties' briefs, the record, and the relevant legal authorities, the Court **grants** Perez Legra's motion to remand. (**ECF No. 6**.)

1. **Factual and Procedural Background**

      Perez Legra originally filed his case on May 18, 2022, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. In his complaint, Perez Legra alleges Atain wrongfully denied his claim for water-damage losses sustained to his real property, in Miami, Florida. (Compl. ¶¶ 16–18.) The complaint does not provide much detail about the amount of Perez Legra's losses except that he is seeking over $30,000 in damages, that the damages were caused by accidental discharge of water from a failed air conditioning system, and that Perez Legra believes his losses are covered by his Atain insurance policy. (*Id.* ¶¶ 1, 8, 9.)

      Prior to filing suit in the Eleventh Judicial Circuit, as part of the claims process, Perez Legra submitted to Atain an estimate from People's Insurance Claim Center, Inc. ("PICC"), a public adjuster, of the total amount of damages he was seeking, which was approximately $60,000. (PICC Estimate, ECF No, 6-

2; *see also* Def.'s Resp. 3–4 (explaining that Perez Legra has been relying on this estimate as the basis for his recovery "from day one").) Atain explains that, notwithstanding this, shortly after it was served with the state court complaint, and in the weeks that followed, it insistently requested that Perez Legra estimate his demand so that Atain could evaluate removal, but Perez Legra refused to respond. (Not. of Removal ¶¶ 3, 5–6.)

Having failed to receive a response from Perez Legra in the early stages of the suit regarding his specific demand, Atain propounded discovery on June 27, 2022. (*Id.* ¶ 7.) It was only after Atain filed motions to compel, to enforce, and for sanctions in the state court action that Perez Legra finally served discovery responses and responsive documents on March 3, 2023. (*Id.* ¶ 9.) As relevant here, as part of those responses, Perez Legra admitted that PICC's estimate as to his damages was $60,085.35, but he refused to admit that he was seeking "in excess of $75,000 in damages, inclusive of attorney's fees and expenses of litigation." (RFAs ¶¶ 3, 4, ECF No. 1-7.)

Perez Legra asserts that, on March 6, 2023, shortly after finally submitting his discovery responses, he sent Atain a demand letter seeking a total amount, inclusive of damages, attorney's fees, and litigation costs, well below $75,000. (Pl.'s Mot. for Remand ¶ 12.) In support, Perez Legra attaches to his motion a redacted version of the March 6, 2023, settlement demand letter. (Demand Letter, ECF No. 6-4.) Although the specific amount demanded has been redacted from that version of the letter, Atain nowhere disputes that it received the letter, nor that the amount specified therein was well below the $75,000 threshold.

Perez Legra further explains that, in accordance with the foregoing, on April 11, 2023, Atain filed a motion for summary judgment in the state court action that references the March 6, 2023, demand letter and states, "Mr. Legra seeks nearly **forty thousand dollars** to recover for property damages arising out of a loss caused by water leaking from a failed air conditioning system." (Pl.'s Mot. for Remand ¶ 14 (emphasis added).) Perez Legra supports this by filing a redacted version of Atain's motion for summary judgment, which Atain does not address in its response. (*See* Def.'s Summ. J. Mot., ECF No. 6-5.)

On July 6, 2023—after the one-year mark since commencement of the state court action had passed—Perez Legra's counsel apparently had a phone conversation with Atain's counsel, wherein the former represented that Perez Legra would be amenable to settling the entire case for a total of $55,000. (Pl.'s Mot. for Remand ¶ 17.) Although the details of this verbal exchange do not appear to have been documented, Perez Legra provides an email from the same day in which his counsel, referencing the conversation, asks Atain's counsel to "[l]et [him] know if [his] client is agreeable to the offer[.]" (*See* Jul. 6, 2023,

Email, ECF No. 6-6.) Then, on July 14, 2023, another of Atain's attorneys sent Perez Legra's counsel an email exclaiming that they were "wasting a significant amount of time and money on a **$50k case**." (*See* Jul. 14, 2023, Email, ECF No. 6-7 (emphasis added).)

On July 26, 2023, counsel for both sides apparently discussed settlement again following the deposition of Atain's field adjuster, and Perez Legra's attorney reiterated that his client was seeking less than $75,000. (Pl.'s Mot. for Remand ¶ 23.) Again, Atain does not dispute any of the foregoing in its submissions.

Finally, when the parties attended mediation on July 31, 2023, Perez Legra seems to have opened settlement discussions with a bid in excess of $75,000. (Not. of Removal ¶ 11; Pl.'s Mot. for Remand ¶ 25.) Atain's counsel interpreted this as evidence that Perez Legra had been concealing the true amount in controversy throughout the course of the entire litigation to avoid removal. In the week that followed the mediation, Atain's counsel reached out to Perez Alegra's counsel seeking definitive confirmation that their client would never seek more than $75,000, including attorney's fees. (Jul.-Aug. Email Chain, ECF Nos. 1-8, 6-11.) No such confirmation was given, as Perez Alegra's counsel maintained that it was impossible to calculate the final amount that their client might demand if the case dragged on and their fees continued to accrue.

Perhaps tellingly, in the final email available to the Court from the post-mediation exchange, Perez Alegra's attorney informs Atain's attorney that "[i]f [his] client want[ed] to settle [that day] for $74K, [he] w[ould] bring it to [his] client to accept." (Aug. 7, 2023, 3:53 PM Email, ECF No. 6-11.) On that same day, August 7, 2023, Atain removed the case to this Court.

2. **Legal Standard**

A civil action may be removed from state court to federal district court if the action is within the original jurisdiction of the federal court. 28 U.S.C. § 1441(a). Original jurisdiction exists when a civil action raises a federal question, or where the action is between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. In evaluating Perez Legra's motion for remand, the Court is bound to construe the removal statute strictly, so "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

When a complaint does not include a specific claim for damages, "removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the

jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2005). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Id.* at 1319-20. Instead, "a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). To meet this burden, Atain need only show that it is "more likely than not" that the amount in controversy requirements have been met. *Lee-Bolton v. Koppers Inc.*, 848 F. Supp. 2d 1342, 1346 (N.D. Fla. 2011). In evaluating whether the defendant has met this burden, the Court may consider information relating to the amount in controversy in the record of the state-court proceeding, in response to discovery, or in correspondence between the parties. *See Lambertson v. Go Fit, LLC*, 918 F. Supp. 2d 1283, 1285 (S.D. Fla. 2013) (Moore, J.) ("The definition of "other paper" is broad and may include any formal or informal communication received by a defendant.").

Importantly, and at issue in this matter, a case may not be removed on the basis of diversity jurisdiction, "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). Notably, under this provision, a court's finding "that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal" "shall be deemed bad faith." 28 U.S.C.A. § 1446(c)(3)(B).

### 3. Analysis

#### A. Atain has failed to show that Perez Legra acted in bad faith.

Because this case was removed over one year after it was commenced in state court, the principal issue here is whether Perez Legra "acted in bad faith in order to prevent [Atain] from removing the action" prior to May 18, 2023 (*i.e.*, one year from commencement). *See* 28 U.S.C. § 1446(c)(1). For the reasons explained below, the Court finds that Atain has failed to show Perez Legra acted in bad faith to prevent removal prior to the one-year mark.

Atain argues that there can be no question Perez Legra acted in faith because he deliberately and repeatedly refused to disclose the amount in controversy to prevent removal. Per Atain, Perez Legra refused its requests to provide a demand and then served discovery responses that his claim did not exceed the jurisdictional limit, even though his "first formal demand in this

case exceeded the jurisdictional limit of $75,000." (Not. of Removal ¶ 22.) Atain's argument, however, wholly fails to acknowledge, much less address, the various examples provided by Perez Legra in which he demanded a final settlement amount well below $75,000 both before, and after, the one-year mark passed.

In its motion to remand, Perez Legra responds to Atain's allegations of bad faith by outlining in detail the history of the parties' settlement discussions since the commencement of this case to show it is not true that his first formal demand exceeded the jurisdictional limit of $75,000. The Court has summarized these materials above, in its discussion of the factual and procedural background, and agrees that they completely undermine Atain's arguments. It is worth highlighting that Perez Legra appears to have made a settlement demand on Atain on March 6, 2023, for approximately $40,000. (Not. of Removal ¶¶ 12–15.) Perhaps more importantly, Perez Legra also details how, even after the one-year mark on May 18, 2023, both parties were valuing the case well below $75,000. Specifically, he explains that on July 6, 2023, his counsel had a conversation with Atain's counsel where he informed the latter that "because litigation costs had accrued, Plaintiff was demanding approximately $55,000.00, inclusive of attorney's fees, to settle the claim." (Pl.'s Mot. for Remand ¶ 17.) In line with this, on July 14, 2023, another of Atain's attorneys wrote to Perez Legra's counsel that they were "wasting a significant amount of time and money on a $50K case." (*Id.* 19.)

Critically, Atain does not engage with any of the foregoing facts, to deny them or otherwise, either in its notice of removal or in its response opposing Perez Legra's motion to remand. Instead, Atain focuses on Perez Legra's opening settlement bid during the parties' mediation conference on July 31, 2023, which apparently exceeded $75,000 for the first time. (Not. of Removal ¶ 11; Def.'s Resp. 3–7.) However, even if Perez Legra indeed requested over $75,000 as a starting point during mediation, this does not mean that he acted in bad faith in refusing to admit to such an amount earlier in the case. As explained, Perez Legra made various demands since the outset of the case for amounts significantly below $75,000. Atain admits as much, acknowledging in its response that "July 31, 2023, was the first time Mr. Legra had intimated his damages were above $75,000[.]" (Def.'s Resp. 5.) It is very common for parties to begin mediation with an inflated settlement demand, so it is possible that Perez Legra's initial bid at mediation did not reflect the actual amount he thought he could fairly recover in this case. Regardless, it is clear from the undisputed facts that, even if Perez Legra's demand did fairly increase beyond $75,000 in July 2023, it was because of accumulating attorney's fees, and not

because this was the amount in dispute all along, which Perez Legra intentionally refused to disclose to Atain.

"Bad faith" for purposes of § 1446(c)(1) "is shown where the district court determines that 'the plaintiff **deliberately** failed to disclose the actual amount in controversy to prevent removal.'" *Hajdasz v. Magic Burgers, LLC*, 805 F. App'x 884, 888 (11th Cir. 2020) (quoting 28 U.S.C. § 1446(c)(3)(B)) (emphasis added). In other words, "the question is this: did [p]laintiff engage in an affirmative, deliberate act of gamesmanship in order to prevent" removal. *Munoz v. Rite Tire of Okeechobee, LLC*, No. 21-23746-CIV, 2021 U.S. Dist. LEXIS 242311, at *11 (S.D. Fla. Dec. 20, 2021) (Altonaga, J.); *see also Valderramos v. Giti Tire (USA) Ltd.*, No. 20-CV-62676-RUIZ/STRAUSS, 2021 U.S. Dist. LEXIS 44423, at *7, 2021 WL 1520700, at *3 (S.D. Fla. Mar. 8, 2021), *report and recommendation adopted*, No. 20-CV-62676-RAR, 2021 U.S. Dist. LEXIS 55180, 2021 WL 1121004 (S.D. Fla. Mar. 24, 2021) (Ruiz, J.) (applying similar inquiry of whether plaintiff acted "intentionally or deliberately" in waiting). In short, here, Atain has not presented any reason for the Court to conclude that Perez Legra failed to disclose the true amount in controversy before the one-year cutoff passed, and much less that Perez Legra acted intentionally or deliberately in withholding any such information. There is simply insufficient evidence to establish that Perez Legra acted in bad faith to prevent Atain from timely removing this action, and, as such, remand is required.

### B. Perez Legra is entitled to an award of attorney's fees and costs.

Pursuant to 28 U.S.C. § 1447(c), a district court "may" award payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the [defective] removal." 28 U.S.C. § 1447(c). The Supreme Court has explained that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005). "[A]n award of fees under § 1447(c) does not require a showing that the defendant's position was 'frivolous, unreasonable, or without foundation.'" *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 F. App'x 888, 890 (11th Cir. 2011) (quoting *Martin*, 546 U.S. at 138-39, 126 S. Ct. at 710).

Perez Legra argues that an award of fees and costs is merited here because Atain lacked an objectively reasonable basis for seeking removal, and the Court agrees. As explained above with respect to the bad faith inquiry, both Atain's notice of removal and its response opposing remand fail to engage with, or, for that matter, disclose, key details regarding the parties' settlement

communications that make it clear Perez Legra never expected to recover over $75,000 in this case and that this figure likely would not have become relevant if the matter had not dragged on for so long. Importantly, and perhaps tellingly, Atain makes no effort in its response to address Perez Legra's request for attorney's fees pursuant to § 1447(c), and, as such, effectively concedes this issue. *See, e.g., Melendez v. Town of Bay Harbor Islands*, Case No. 14-22383-CIV, 2014 U.S. Dist. LEXIS 164959, at *16, 2014 WL 6682535, at *7 (S.D. Fla. Nov. 25, 2014) (Altonaga, J.) (holding that arguments a party failed to address in its response are conceded).

Thus, the Court finds that Perez Legra is entitled to recover his reasonable fees and costs pursuant to § 1447(c).

### 4. Conclusion

For the reasons stated above, the Court **grants** Perez Legra's motion to remand. (**Pl.'s Mot. for Remand, ECF No. 6**.) The Court **directs** the Clerk to take all necessary steps to ensure the prompt remand of this matter and the transfer of this file back to the **Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County**.

In addition, the Court **grants** Perez Legra up to and including **January 4, 2024**, to file a motion for attorney's fees and costs, detailing the amounts he believes he is entitled to pursuant to § 1447(c). Perez Legra's motion must be supported by adequate documentation. The Court reserves jurisdiction to determine the precise amount Perez Legra will be entitled to recover in fees and costs, as requested in his motion.

The clerk is **directed** to **administratively close** this case in the meantime. Any pending motions are **denied as moot**.

**Done and ordered** at Miami, Florida on December 22, 2023.

_____
Robert N. Scola, Jr.
United States District Judge